NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
29005
23-APR-2012
09:38 AM**

NO. 29005

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CHRISTIAN BRYAN FITZGERALD, Plaintiff-Appellant, v.
NORINE ROSE FITZGERALD, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
HILO DIVISION
(FC-D NO. 05-1-0135)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Fujise and Leonard, JJ.)

Plaintiff-Appellant Christian Bryan Fitzgerald
(Husband) appeals from the October 10, 2007 Findings of Fact and
Conclusions of Law; the February 4, 2008 Divorce Decree that
dissolved his marriage with Defendant-Appellee Norine Rose
Fitzgerald (Wife); and the February 4, 2008 Order denying
Husband's Motion to Reconsider, Alter, or Amend the Order all
entered by the Family Court of the Third Circuit, Hilo Division
(family court).[1]

Preliminarily, we note that Husband, who is an
attorney, has filed an opening brief that is in wholesale
nonconformity with appellate rules.[2]  The Hawai'i Supreme Court

---

[1]     The Honorable Ben H. Gaddis presided.

[2]     More specifically, Hawai'i Rules of Appellate Procedure (HRAP)
Rule 28(b)(3) requires "[a] concise statement of the case, setting forth
. . . the facts material to consideration of the questions and points
presented . . . .  In presenting those material facts, all supporting and
contradictory evidence shall be presented in summary fashion . . . .  There
(continued...)

has long held that an appeal may be dismissed for the appellant's failure to conform his or her opening brief to HRAP Rule 28. Hous. Fin. & Dev. Corp. v. Ferguson, 91 Hawai'i 81, 85, 979 P.2d 1107, 1111 (1999); see also Bettencourt v. Bettencourt, 80 Hawai'i 225, 228, 909 P.2d 553, 556 (1995) ("appellant's brief in almost no respect conforms to the requirements of [HRAP] Rule 28(b), which we have held is, alone, sufficient basis to affirm the judgment of the circuit court" (citation omitted)).

With that noted, Hawai'i appellate courts have "consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible[.]" Schefke v. Reliable Collection Agency, Ltd., 96 Hawai'i 408, 420, 32 P.3d 52, 64 (2001) (internal quotation marks and citation omitted). Therefore, despite the procedural deficiencies in his opening brief, we will attempt to address Husband's appeal on the merits where possible. After a careful consideration of the issues raised by the parties in light of the record, applicable authority, and arguments presented, we resolve Husband's points on appeal as follows:

In points of error numbered 4, 5, and 6, Husband challenges the family court's calculation of Husband's net income for child support purposes. Husband claims the family court erred when it did not deduct alimony paid by him from his gross income. However, Husband did not argue or raise this point at trial; he merely alluded to this point in his Motion to Reconsider, Alter, or Amend the Family Court's October 22, 2007

---

2(...continued)
shall be appended to the brief a copy of the judgment, decree, findings of fact and conclusions of law, order, opinion or decision relevant to any point on appeal, unless otherwise ordered by the court." HRAP Rule 28(b)(4)(C) requires that, "when the point involves a finding or conclusion of the court . . . , either a quotation of the finding or conclusion urged as error or reference to appended findings and conclusions" shall be included in each point of error. HRAP Rule 28(b)(7), requires that the opening brief contain "[t]he argument, containing the contentions of the appellant on the points presented and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on." Finally, Husband's brief does not contain a statement of related cases, in direct contradiction of HRAP Rule 28(b)(11).

order.  Moreover, Husband's own calculations listed Wife's income as zero and did not deduct his alimony payments to Wife from his income.

In any event, any error by the family court was harmless because it did not alter Husband's child support obligations under the guidelines.  See Instructions for the 2004 Hawai'i Child Support Guidelines, reprinted in 1 Hawaii State Bar Association, 2005 Hawai'i Divorce Manual, § 4, Appx. 3 (7th ed. 2005), available at http://www.state.hi.us/jud/Oahu/Family/ 2004csg/2004csg_instructions.pdf, at 3 (2004 Child Support Guidelines).  Under the guidelines, $743--the federal poverty guidelines for minimum essential needs--would be deducted from Wife's gross income to obtain her Standard of Living Allowance income.  Since Wife's only source of income was the alimony paid by Husband, her income would still be zero for child support calculation purposes.  As Husband was the only spouse with positive income, Husband's support payable would remain $2,172, the same figure calculated by the family court.

Points of error 5 and 6 regarding computation of his net income are without merit.  He does not specifically argue why the $3,709 net income figure was incorrect, and his claim that the family court attributed income and imposed an obligation to work to his current partner, with whom he lives on O'ahu, is not supported by the record.  See HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.")

In points of error numbered 1, 2, 3, 9, and 10, Husband challenges the family court's computation of the child support amount.  Citing to Findings of Fact (Findings) 17 and 29, he alleges in point of error number 1 that the family court erred "in finding paternity yet declaring no legal obligation existed to support a biological child[,]" not of the marriage, residing in Texas ("FF").  The record reveals that the family court considered FF and refused to recognize any support obligation because no court orders establishing paternity, custody, or support obligation for FF existed at the time.  See 2004 Child

3

Support Guidelines, at page 9 n.2 ("For the purposes of these Child Support Guidelines, Obligor's "other children" are Obligor's biological or adopted child(ren) living in the Obligor's household and any child(ren) whom the Obligor is legally obligated to support and is actually supporting."). Furthermore, Husband points to no evidence in the record documenting support payments to FF. Because Husband presents no authority nor does he establish facts, documented in the record, supporting his contention that this ruling was erroneous, Husband has failed to establish error.

In point of error number 2, Husband argues the family court erred by failing to recognize that the April 2007 Stipulated Order Re: Custody, Visitation and Support Orders After Voluntary Establishment of Paternity (First Circuit Support Order) Husband filed with his current partner in a separate action maintained in the First Circuit constituted a exceptional circumstance. However, the record reveals that the family court did reference the First Circuit Support Order in its Findings of Fact and Conclusions of Law and considered Husband's request that the court "deviate from the child support guidelines because his obligations towards his other children constitute an exceptional circumstance." In rejecting Husband's request, the family court observed that the guidelines provide "that no deviation be granted unless the total child support paid for the children of the obligor exceeds his net income under the guidelines" and noted that Husband's total child support obligation for the children of Wife and his current partner did not exceed his net income. Husband has therefore failed to show the family court erred by not deviating from the 2004 Child Support Guidelines.

It appears that Husband's point of error number 3, is cumulative of points 1 and 2 and therefore we also reject it.

In point of error number 9, Husband complains that the award of alimony to Wife necessarily negatively affected his ability to provide support payments to the children. As Husband

4

fails to provide a discernable argument supporting this point, we decline to address it. HRAP Rule 28(b)(7).

In point of error number 10, Husband argues that the court abused its discretion in ordering spousal support to the detriment of child support, which impairs Husband's right to maintain a relationship with his children under the United States Constitution. Husband's constitutional claim was not raised at the trial level, either in his pre-judgment filings or his post-judgment Motion to Reconsider, Alter, or Amend Order. Therefore, this claim is not properly before us. See Hill v. Inouye, 90 Hawai'i 76, 82, 976 P.2d 390, 396 (1998) ("The general rule provides that '[i]ssues not properly raised on appeal will be deemed to be waived.'") (quoting Pele Defense Fund v. Paty, 73 Haw. 578, 613, 837 P.2d 1247, 1268 (1992)).

In point of error number 7, Husband contends that the family court erred in finding that Husband did not provide health insurance for his children with Wife. Wife claimed she could not access the records to Husband's plan in order to arrange for treatment. In the context of ruling on health insurance costs for child support computation purposes, the family court found that the parties had not established what those costs were. The family court found that Wife was unable to use Husband's medical plan and instead was using the State Medicaid program to obtain medical benefits. The family court noted that it was "imperative" that Husband rectify the situation and that when Husband established he had done so, Husband could claim this cost in computing child support. The family court did not err regarding this issue.

In point of error number 8, Husband contends that the family court erred in signing the uncontested divorce decree submitted in March 2007 and then, upon receiving Husband's subsequent Motion to Reconsider, Alter, or Amend, giving the rejected divorce decree to only one party, Wife, and removing it from the record. Husband's action in filing his Motion to Reconsider, Alter, or Amend Order on March 29, 2007 rendered this

case, originally filed as an uncontested divorce action, into a contested matter. As such, the family court ceased processing the proposed uncontested divorce decree, proffered before Husband's motion was filed, and returned it to its preparer, Wife. Husband does not show how this action caused him prejudice or otherwise changed the outcome of this case. We fail to see error in the family court's action.

Based on the foregoing, we affirm the Family Court of the Third Circuit, Hilo Division's October 10, 2007 Findings of Fact and Conclusions of Law; the February 4, 2008 Divorce Decree; and the February 4, 2008 Order denying Husband's Motion to Reconsider, Alter, or Amend the Order.

DATED: Honolulu, Hawai'i, April 23, 2012.

On the briefs:

Christian Bryan Fitzgerald,
Plaintiff-Appellant, pro se.

Norine Rose Fitzgerald,
Defendant-Appellee, pro se.

Chief Judge

Associate Judge

Associate Judge

6